**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OMKAR, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-1462** |
| **AMGUARD INSURANCE COMPANY** | **SECTION I** |

**ORDER & REASONS**

Before the Court is a motion[1] by defendant AmGUARD Insurance Company ("AmGUARD"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e), to dismiss plaintiff Omkar, LLC's ("Omkar") complaint or, in the alternative, for a more definite statement. For the reasons that follow, the Court grants in part the motion to dismiss, orders plaintiff to file an amended complaint, and dismisses the motion for more definite statement as moot.

## I.     FACTUAL BACKGROUND

Omkar owns and operates a Days Inn hotel in Hammond, Louisiana.[2] Omkar alleges that, between February 18, 2021, and February 18, 2022, the hotel was insured by a policy issued by AmGUARD.[3] Omkar alleges that the hotel "sustained significant damages resulting from Hurricane Ida" in August 2021.[4] Omkar does not specifically state what type of damage the hotel sustained, noting only that the damage related "particularly to [the hotel's] structure and contents."[5] Omkar further

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 2, ¶ 10.
[3] *Id.* ¶ 12.
[4] *Id.* ¶ 15.
[5] *Id.* ¶ 18.

alleges that it "provided [to AmGUARD] timely and proper notice" of the claim,[6] and "began mitigating the loss as soon as possible."[7] Omkar states that it has "m[ade] the property fully and completely available for the viewing of physical loss evidence."[8] It does not state if the property was ever inspected by an adjuster, but does claim that it provided AmGUARD with "a formal and sufficient proof of loss package with all evidence of the loss" on February 25, 2022.[9] According to Omkar, AmGUARD "failed to timely and reasonably adjust the loss."[10]

Omkar commenced the instant action on May 24, 2022, stating three causes of action. First, Omkar seeks a declaratory judgment that AmGUARD has "an obligation to comply with the 30-day and 60-day statutory timelines" set forth in La. Stat. Ann. § 22:1892 and § 22:1973, and that the timelines in those statutes "began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission."[11] Second, Omkar claims that AmGUARD "breached the terms of the policy when [it] unjustifiably failed and/or refused to perform its obligations" imposed by the policy and Louisiana law.[12] Third, Omkar claims that AmGUARD breached its duty of good faith and fair dealing by "fail[ing] to timely investigate and settle the loss"[13] and "failing to pay the amount due . . . within sixty days of receiving

---

[6] *Id.* ¶ 19.
[7] *Id.* ¶ 20.
[8] *Id.* ¶ 30.
[9] *Id.* ¶ 33.
[10] *Id.* ¶ 35.
[11] *Id.* ¶¶ 38–39.
[12] *Id.* ¶ 40.
[13] *Id.* ¶ 43.

satisfactory proof of loss."[14] Omkar alleges that it has suffered damages including repair expenses, structural damages, loss of business income, and attorneys' fees.[15]

AmGUARD filed the instant motion to dismiss, asserting that Omkar's declaratory judgment claim is both duplicative and nonjusticiable[16] and that Omkar did not make sufficiently specific factual allegations supporting its breach-of-contract and breach-of-duty claims.[17] In the alternative, AmGUARD requested that the Court order Omkar to amend its complaint.[18] Omkar opposed the motion,[19] and AmGUARD filed a response in support of its motion.[20]

## II.    STANDARDS OF LAW

### a.  Declaratory Judgment Actions

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act is 'an authorization, not a command,'" and district courts enjoy broad discretion in deciding claims for declaratory relief. *Smitty's Supply, Inc., v. Hegna*, No. 16-13396, 2019 WL 1099712,

---

[14] *Id.* ¶ 44.
[15] *Id.* ¶ 45.
[16] R. Doc. No. 8-1, at 3–6.
[17] *Id.* at 6–8.
[18] *Id.* at 8–9.
[19] R. Doc. No. 12.
[20] R. Doc. No. 17.

at *2 (E.D. La. Mar. 8, 2019) (Lemmon, J.) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).

"Courts uniformly dismiss declaratory judgment claims under Federal Rule of Civil Procedure 12(b)(6) if they are redundant of the substantive legal claims." *Perry v. H.J. Heinz Co. Brands, LLC*, No. 19-280, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019) (Feldman, J.) (citing *Smitty's Supply*, 2019 WL 1099712, at *2); *accord Lewis v. U.S. Army Corps of Engs.*, No. 18-1838, 2020 WL 4785045, at *2 (E.D. La. 2020) (Lemmon, J.); *Veal v. Wells Fargo Bank*, No. 16-3998, 2016 WL 6024534, at *6 (E.D. La. Oct. 13, 2016) (Fallon, J.). A declaratory judgment claim is redundant if it "seek[s] resolution of issues that will be resolved as a part of the [non-declaratory] claims in the lawsuit." *Perry*, 2019 WL 2423231, at *3 (citing *Am. Equip. Co., Inc. v. Turner Bros. Crane & Rigging, LLC*, No. 13-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014)).

### b.  Dismissal for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together, these rules demand "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

### c. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) states, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A court should only grant a motion for a more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (Feldman, J.) (quoting *Babcock v. Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.)); *accord Koerner*, 2016 WL 4728902, at *1. "If the court orders a more definite statement and the order is not obeyed within

14 days after notice of the order or within the time the court sets, the court may strike

the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

### d. Louisiana Breach of Insurance Contract Claims

"In Louisiana, a breach-of-contract claim has three essential elements: (1) the

obligor's undertaking an obligation to perform, (2) the obligor failed to perform the

obligation (the breach), and (3) the failure to perform resulted in damages to the

obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quotations and

citations omitted). "To state a claim for breach of an insurance contract under

Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque*

*v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002); *accord Hibbets v. Lexington Ins.*

*Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (per curiam) ("We have recognized that in

order to allege a valid 'claim for breach of an insurance contract under Louisiana law,

a plaintiff must allege a breach of a specific policy provision.'" (quoting *Louque*, 314

F.3d at 782)); *NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *2

(E.D. La. May 27, 2022) (Lemelle, J.) (quoting *Whitney Bank v. SMI Cos. Glob., Inc.*,

949 F.3d 196, 205 (5th Cir. 2020)); *Bean v. Am. Gen. Life Ins. Co.*, No. 17-57, 2017 WL

2831692, at *2 (E.D. La. June 30, 2017) (Vance, J.); *Koerner v. Vigilant Ins. Co.*, No.

16-13319, 2016 WL 4728902, at *2 (E.D. La. Sept. 12, 2016) (Africk, J.).[21]

---

[21] Plaintiff argues that Louisiana law does not require a claim for breach of an insurance contract to identify a specific policy provision. R. Doc. No. 12, at 11–12. In support of this proposition, plaintiff cites four cases, three of which were authored by a single judge in this district, holding that plaintiffs did not need to identify a specific policy provision in order to state a claim for breach of an insurance contract. *Id.* (citing *Stokes v. Allstate Indem. Co.*, No. 06-1053, 2007 WL 1875847, at *2 (E.D. La. June 28, 2007) (Barbier, J.); *Meadowcrest Pro. Bldg. P'ship, LLC v. Companion Prop. &*

Insurers owe a duty of good faith and fair dealing to their insureds. La. Stat. Ann. § 22:1973(A). An insurer breaches this duty if it arbitrarily, capriciously, and without probable cause fails to pay a claim "within sixty days of satisfactory proof of loss." *Id.* § 1973(B)(5). An insured party also has a cause of action for penalties against their insurer if the insurer fails to pay a claim within thirty days of "receipt of satisfactory proofs of loss" and that failure is "arbitrary, capricious, or without probable cause." *Id.* § 1892(B). To recover pursuant to these statutes, "a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Q Clothier New Orleans, LLC v. Twin City Fire Ins. Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021) (quoting *Pelle v. Munos*, 296 So. 3d 14, 25 (La. Ct. App. 2020)). "[W]hen a breach of insurance contract fails, a bad faith claim shall likewise fail." *Id.* (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010)). In addition, a complaint alleging breach of the good faith statutes must state factual allegations that allow the court to "plausibly conclude" that the insurer's actions were "arbitrary, capricious, and unsupported by any evidence and constitute bad faith." *Hibbets*, 377

---

*Cas. Ins. Co.*, No. 14-2196, 2014 WL 5481092, at *2 (E.D. La. Oct. 29, 2014) (Barbier, J.); *SMG Foods, LLC v. Delek Cap.*, No. 09-6734, 2010 WL 103873, at *2 (E.D. La. Jan. 7, 2010) (Barbier, J.); *Riverbend Cap., LLC v. Essex Ins. Co.*, No. 09-3599, 2009 WL 2408385, at *3 (E.D. La. Aug. 4, 2009) (Fallon, J.)). *Stokes*, *SMG Foods*, and *Riverbend Capital* predate the Fifth Circuit's 2010 decision in *Hibbets*, which reaffirmed the requirement that a plaintiff "allege a breach of a specific policy provision."377 F. App'x 352 at 355. The fourth case, *Meadowcrest*, does not discuss *Hibbets*, but rather cites to the prior decisions in *Stokes* and *SMG Foods*. The more recent decisions in this district, as cited above, consistently require plaintiffs to identify breach of a specific policy provision in order to state a claim for breach of an insurance contract.

F. App'x at 256 (quotations and citations omitted); *accord NAZ, LLC v. United Nat'l Ins. Co.*, 779 F. App'x 200, 205 (5th Cir. 2019).

## III.   ANALYSIS

### a.  Declaratory Judgment

Omkar's claims for declaratory relief are duplicative of its claims for breach of the duty of good faith. [22]   Omkar asks this Court to "confirm[ ] that Defendant [has] an obligation to comply"[23] with § 22:1892 and § 22:1973 and that the related timelines "began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission."[24] These are the very same statutes on which Omkar's claims for breach of the duty of good faith are based. Neither party disputes the fact that these statutes define defendant's obligations. If there is any dispute as to the applicability of these statutes or their timelines to AmGUARD's conduct, that dispute will be resolved at trial or in motions for summary judgment. Omkar's declaratory relief action is therefore redundant in that it seeks resolution of an issue that will necessarily be resolved as part of a non-declaratory claim. *Perry*, 2019 WL 2423231, at *3.

---

[22] The parties dispute whether there is an "actual controversy" over the applicability of these statutes to AmGUARD. Because the Court concludes that the declaratory claims are duplicative of the bad-faith claims, the Court need not decide whether they present an actual controversy.

[23] R. Doc. No. 2, ¶ 38.

[24] *Id.* ¶ 39.

## b. Failure to State a Claim

Omkar's complaint fails to provide AmGUARD with sufficient "notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc.*, 544 U.S. at 346 (internal quotations omitted). Omkar's complaint does not identify any policy provision it believes AmGUARD has breached, which alone is enough to render the complaint deficient. *NAZ LLC*, 2022 WL 1719272, at *2 (citing *Louque*, 314 F.3d at 782); *Koerner*, 2016 WL 4728902, at *1.

Even setting aside that deficiency, the factual material alleged in the complaint is insufficient to support either a breach of contract claim or the attendant damages in the event of a breach. Much of Omkar's "factual background" simply states applicable statutes and legal standards.[25] The factual material contained in the complaint states only, in relevant part, that Omkar's property was damaged during Hurricane Ida,[26] that Omkar submitted "formal and sufficient proof of loss" that "contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss" on February 25, 2022,[27] and that AmGUARD "failed to timely and reasonably adjust the loss."[28] These allegations parrot the legal standards applicable to Omkar's claims without providing factual support. *See Hibbets*, 377 F. App'x at 355 (affirming dismissal of a complaint for breach of insurance contract that lacked "facts concerning when the [plaintiffs] submitted their

---

[25] *Id.* ¶¶ 22–29.
[26] *Id.* ¶ 15, 18.
[27] *Id.* ¶¶ 33–34.
[28] *Id.* ¶ 35.

claims to [the insurer], when they were contacted by a claims adjuster, the nature of the damage to [the plaintiffs'] properties, what amounts they contend that [the insurer] should have paid, and on what basis . . . [the insurer] breached its contracts with them").

Further, Omkar merely sets forth the legal standards applicable to bad-faith claims, without providing factual support for its allegations that AmGUARD "unjustifiably failed and/or refused to perform its obligations."[29] For example, Omkar does not state what materials were included in its allegedly sufficient proof of loss which allegedly triggered the timelines established in the bad-faith statutes. *See Jacobs v. State Farm Mut. Auto. Ins. Co.*, 18-11126, 2019 WL 2340934, at *2 (E.D. La. June 3, 2019) (Vance, J.) (dismissing complaint alleging violations of the bad-faith statutes when it did "not identify what information [the plaintiff] submitted to [the insurer] that amounted to a satisfactory proof of loss").

In its response to AmGUARD's motion to dismiss, Omkar attempts to justify this lack of factual support by arguing that "AmGUARD's claim file documents and claim notes . . . should certainly detail all actions taken on the claims sufficient for counsel to prepare a defense to allegations raised in the Complaint."[30] Omkar misunderstands the federal pleading standard. AmGUARD's subjective knowledge as

---

[29] R. Doc. No. 2, ¶ 40.
[30] R. Doc. No. 17, at 7. *See also id.* at 10 ("AmGUARD's claim file will certainly reveal additional facts supporting Omkar's causes of action which, presumably, will allow for more detail [*sic*] fact pleading on all causes of action pled."); *id.* at 13 n.4 ("Defendant knows the contents of its own policy . . . . It is certainly an impermissible shifting of Defendant's burden of proof to require Omkar to point out each and every provision of the policy that it believes was breached by Defendant.").

to the factual basis of Omkar's claims is irrelevant to whether Omkar's complaint provides sufficient notice. To survive dismissal, the complaint itself must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Though Omkar's complaint is deficient, the Federal Rules command that courts "should freely give leave" to amend an inadequate complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Omkar's complaint does not provide AmGUARD with sufficient information as to the factual basis of its claims. As such, the Court will provide plaintiff with an opportunity to amend its complaint.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** only with regard to Omkar's claims for declaratory judgment.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint that provides more factual detail as to its breach of contract and breach of duty claims **no later than SEPTEMBER 16, 2022**. If plaintiff fails to timely file an amended complaint, the Court will dismiss this action and enter judgment in favor of the defendant.

**IT IS FURTHER ORDERED** that the motion for a more definite statement is **DISMISSED AS MOOT**.

New Orleans, Louisiana, August 31, 2022.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

11